# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN RENON SHABAZZ,

        Plaintiff,

v.                         Case No. 11-C-315

ARANDELL CORPORATION,

        Defendant.

## DECISION AND ORDER

On September 17, 2012, Defendant Arandell Corporation ("Arandell") filed a renewed motion for dismissal of this action, pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure and Civil Local Rule 7 (E.D. Wis.). Arandell's motion relies upon pro se Plaintiff Brian Renon Shabazz's ("Shabazz") violations of the Court's February 15, 2012, and August 3, 2012, Orders, including his failure to respond to Arandell's written discovery requests. Arandell also requests payment of its expenses, including attorneys' fees, caused by the failure. As was the situation with Arandell's prior motion to dismiss, the time has passed for Shabazz to respond to Arandell's renewed motion, *see* Civil Local Rule 7(b), and none has been filed.

On August 3, 2012, the Court issued a Decision and Order denying Arandell's motion to dismiss or to compel compliance with the Court's February 15, 2012, Order as to

dismissal and granted the motion as to compliance with its February 2012, Order. (ECF No. 41.) After setting out a chronology of the background events and relevant legal principles, the Court established a staggered schedule for the parties to proceed with discovery. No later than August 15, 2012, Shabazz was to file a brief statement providing additional facts to support the application of the common interest doctrine to interrogatory number three; no later than August 20, 2012, Shabazz was to respond fully to Arandell's first request for production of documents, including executing the revised medical releases; no later than August 31, 2012, Shabazz was to respond fully to interrogatories numbers five, six, eight, nine, and fourteen of Arandell's first set of interrogatories; and, no later than September 15, 2012, the parties were to file a report regarding the status of their compliance with the August 3, 2012, Order.

Shabazz has not complied with any deadlines set by that Order. (*See* Jones Decl. filed Sept. 17, 2012.) (ECF No. 45.) He has had no contact with Arandell since the Court issued its August 3, 2012, Order. (*Id.* at ¶ 5.)

Shabazz last filed a document in this action on March 23, 2012. Shabazz appeared for his deposition on April 24, 2012. (Jones. Decl. filed May, 1, 2012, ¶ 32, Ex. F, 2.) (ECF No. 35, Attach. 6.) However, the record does not disclose that he has had any subsequent involvement in this lawsuit that he filed.

2

At pages two through three of its August 3, 2012, Decision and Order, the Court provided a detailed explanation regarding the obligations of a pro se litigant and obligations to participate in discovery. While it will not be repeated, that discussion was intended to help Shabazz understand the nature of *his obligations* in this action. Despite the Court's efforts, Shabazz has done nothing that the Court directed him to do. Therefore, he has violated the February 15, 2012, and the August 3, 2012, Decision and Orders. The February 15, 2012, Decision and Order advised Shabazz that his failure to respond to Arandell's written discovery requests or to appear at his deposition would result in dismissal of the action for lack of prosecution.

Shabazz's noncompliance with this Court's orders coupled with his lack of communication with Arandell or this Court establishes the basis for imposition of sanctions under Fed. R. Civ. P. 37(b)(2)(A) and, in the alternative, dismissal for failure to prosecute. *See Downs v. Westphal,* 78 F.3d 1252, 1257 (7th Cir. 1994) ("[B]eing a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders. It does not give the pro se litigant the discretion to choose which of the court's rules and orders it will follow, and which it will wilfully disregard.")

Rule 37 authorizes a Court to sanction a party for "failing to obey [court orders] to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A); *See EEOC v. Kenosha Unified Sch. Dist. No. 1*, 620 F.2d 1220, 1226 (7th Cir. 1980) (awarding sanctions under Rule 37 and stating "the trial judge must exercise his discretion to protect the discovery process and

3

integrity of the court[.]").) Among the possible sanctions under Rule 37(b)(2)(A) for a party's failure to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), are dismissal of the action or proceeding in whole or in part. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). "Instead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

A Rule 37 sanction requires a finding of willfulness, bad faith or fault on the part of the defaulting party. *Brown v. Columbia Sussex Corp.,* 664 F.3d 182, 190 (7th Cir. 2011) (citations omitted.). Under Rule 41(b), a case should only be dismissed when "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998)).

The Rule 41(b) standard is actually a stricter standard than the Rule 37(b) standard. *See Brown*, 664 F.3d at 190-91. A finding of willfulness, bad faith or fault is only necessary if Rule 41(b)' s "clear record" of delay is not present. *Id*. at 191. "[T]he 'fault' portion of the Rule 37 standard is different than the 'willfulness' and 'bad faith' portions in that fault does not require intentional or reckless behavior." *Id*. Rather, "'fault' suggests unreasonable behavior' and it 'does not include conduct that . . . would [be] classif[ied] as a mere mistake.'" *Id*. (citation omitted).

4

Shabazz has violated two Court orders and five Court-ordered deadlines. The circumstances are similar to those of *Brown*, where the Court of Appeals held that the district court was within its discretion in finding that the plaintiffs acted wilfully, in bad faith, or with fault. *Id*. Having carefully considered the history of Shabazz's failure to observe discovery deadlines and comply with this Court's Orders, the Court concludes Shabazz acted with fault. *See id.* Lesser sanctions in the form of modifying discovery deadlines and providing a staggered discovery schedule were unsuccessful. Shabazz was also warned in February 2012, that the failure to comply with discovery deadlines would result in dismissal of his action. At this juncture, Shabazz's non-compliance with the Court's Orders, makes dismissal of his action an appropriate sanction.

Arandell also seeks an award of expenses, including attorneys' fees. However, the Court found that Shabazz could not afford the $350 fee for filing of this action. (ECF No. 4.) An award of attorneys' fees would be inappropriate under the circumstances. Arandell may, however, file a bill of costs pursuant to Federal Rule of Civil Procedure 54 and Civil Local Rule 54.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Arandell's renewed motion to dismiss (ECF No. 46) is **GRANTED**;

This action is **DISMISSED**;

The Clerk of Court is **DIRECTED** to enter judgment accordingly; and

Arandell **MAY FILE** a bill of costs with the Clerk of Court.

Dated at Milwaukee, Wisconsin this 24th day of October, 2012.

**BY THE COURT**

_____
**Hon. Rudolph T. Randa**
**U.S. District Judge**